**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRYAN ALLEN CARY #269436,

    Plaintiff,

                                         CASE NO. 19-CV-12634
v.                                      HONORABLE DENISE PAGE HOOD

PAROLE BOARD, ET AL.,

    Defendants.

_____/

**<u>ORDER DENYING MOTION FOR RECONSIDERATION</u>**

This matter is before the Court on Plaintiff's Motion for Reconsideration filed January 13, 2020, which is denied for the reasons set forth below.

On November 18, 2019, the Court entered an Denying Plaintiff's Motion to Proceed Without Prepayment of the Filing Fee and Dismissing the Complaint Without Prejudice to Plaintiff filing a complaint with payment of the filing fee. (ECF No. 15) Plaintiff's Complaint was dismissed under the "three strike" provision in 28 U.S.C. § 1915(g), having filed four previously-dismissed actions.

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend judgment may be

granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

The Court finds Plaintiff's Motion for Reconsideration is untimely and merely re-hashes the same arguments raised in his previous submissions to support his claim

that the Parole Board Members erred in denying his parole. Plaintiff has not demonstrated a palpable defect by which the Court was misled in its previous finding that Plaintiff is not under imminent danger of serious physical injury because he alleges only deficiencies in parole violation proceedings.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration (**ECF No. 17**) is DENIED.

IT IS FURTHER ORDERED that any appeal from this Court's Order is frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).

*s/Denise Page Hood*
DENISE PAGE HOOD
Chief Judge
United States District Court

DATED: September 30, 2020